UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMARA S. FRAZIER, individually, and on behalf of other similarly situated consumers,<br>        Plaintiff<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC., EQUIFAX INFORMATION SERVICES LLC,<br>        Defendant | No. 22 CV 05597<br><br>Judge Jeremy C. Daniel |

**ORDER**

The defendant's motion for judgment on the pleadings [95] is granted.

**STATEMENT**

The plaintiff, Tamara Frazier, sued Select Portfolio Servicing, Inc. ("SPS")[1] and the defendant, Equifax Information Services, ("Equifax") for violations of the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681 *et. seq*. (R. 19 ("Am. Compl.") ¶¶ 41–46.)[2] She alleges that from July 2006 until on or about late 2015 or early 2016, SPS serviced a mortgage account for her. (*Id.* ¶¶ 6–8.)[3] That account closed when Frazier entered into a short sale after becoming delinquent in her payments. (*Id.*) However, in or around September 2020, Frazier asserts that Equifax reported her as 120 days late on her SPS account for the month of June 2020. (Am. Compl. ¶¶ 10, 16.)[4] Because the SPS account had been closed for several years at this point, Frazier could not have been 120 days late on her account in 2020. (*Id.* ¶¶ 15–17.)

---

[1] SPS was previously a defendant in this case, but was dismissed, and therefore not subject to this motion. (R. 110.)

[2] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

[3] For this motion, the Court takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Matrix IV, Inc. v. Am. Nat. Bank and Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011).

[4] The amended complaint alleges that SPS reported Frazier as 120 days late in June 2020 (*see* Am. Compl. ¶¶ 16–17); Frazier's briefing suggests that the Equifax report showed Frazier as being 90 days late in June 2020 and then again in September 2020 (*see* R. 105 at 2). The Court notes this discrepancy, but as will be shown, it is immaterial to the Court's analysis.

On August 8, 2024, the Seventh Circuit handed down a decision in a separate action Frazier filed against Equifax regarding a loan she had with another servicer, Dovenmuehle Mortgage, Inc. ("DMI"). *Frazier v. Equifax Info. Servs. LLC*, 112 F.4th 451 (7th Cir. 2024) ("*Frazier I*"). Equifax subsequently filed this motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), relying on *Frazier I* as grounds warranting dismissal of this action. (R. 94.)

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts analyze 12(c) motions under the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015). In other words, the Court must "determine 'whether the well-pleaded factual allegations viewed in favor of the nonmoving party state a facially plausible claim for relief.'" *Hanover Ins. Co. v. R.W. Dunteman Co.*, 51 F.4th 779, 785 (7th Cir. 2022) (quoting *Sinn v. Lemmon*, 911 F.3d 412, 418 (7th Cir. 2018)). Typically, when reviewing a 12(c) motion, the Court is "confined to the matters presented in the pleadings," *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017) (citations omitted), because "motions containing materials outside the pleadings [are] converted into motions for summary judgment [under Rule 56]." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). However, the Court "may take into consideration documents incorporated by reference to the pleadings" and "also take judicial notice of matters of public record" without treating the 12(c) motion as a motion for summary judgment. *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991).

Equifax cannot be liable "if it did not report inaccurate information." *Frazier v. Equifax Info. Servs. LLC*, No. 20 C 6725, 2023 WL 4134907, at *2 (N.D. Ill. June 22, 2023) (quoting *Walton v. BMO Harris Bank NA*, 761 F. App'x 589, 591 (7th Cir. 2019) (nonprecedential)). Therefore, "[t]o prevail on her FRCA claims, Frazier must prove that Equifax prepared an inaccurate consumer report, or kept inaccurate information in a consumer's file." *Frazier I*, 112 F.4th at 455 (citations omitted). "An item on a credit report can be incomplete or inaccurate within the meaning of the FCRA because it is [1] patently incorrect, or [2] because it is 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Id.* (quoting *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 811 (7th Cir. 2023)). Whether Equifax's responses "were patently incorrect or materially misleading must be evaluated objectively" based on the information provided from the data furnisher, SPS, to Equifax. *Frazier v. Dovenmuehle Mortg., Inc.*, 72 F.4th 769, 777 (7th Cir. 2023). Here, the question is whether Equifax's reporting of Frazier's SPS account as late in 2020 was "patently inaccurate." (R. 105 at 2.) The Court agrees with Equifax that it was not.

Frazier's primary defense to Equifax's motion is that "Equifax reported her as 90 days late on two specific months, June and September 2020. Because [Frazier] was not late on those months, it is patently inaccurate to report her as late." (*Id.*) That argument is wholly foreclosed by *Frazier I*. Frazier argues that *Frazier I* "only focused on the

2

pay status and whether anyone would think that [Frazier] was currently delinquent" such that it was materially misleading. (*Id.* at 3.) Critically, Frazier's position misses that the Seventh Circuit *also* considered in *Frazier I* whether the material reported by Equifax was patently inaccurate. Specifically, in *Frazier I*, Frazier claimed that eight separate dates were reported as 90-days late, several of which were reported long after her DMI loan was settled. *Frazier I*, 112 F.4th at 455. In reviewing the Equifax report, the Seventh Circuit noted that it was "'not clear' whether the status reflected as '90-119 Days Past Due' [was] 'an incorrect indicator of current delinquency or a correct one of historical delinquency.' So, the status '[was] not patently incorrect.'" *Id.* at 456 (quoting *Dovenmuehle*, 72 F.4th at 777).

The same is true here. The pleadings contain screenshots of the Equifax report. (*See* Am. Compl. ¶¶ 12, 16.) [5] In the first screenshot, there is a key that explains what the various symbols on the report mean; relevant here, is that a red number 120 indicates "120 Days Past Due." (*Id.* ¶ 12.) The second screenshot shows the red 120 in the June 2020 column. (*Id.* ¶ 16.) This is nearly identical to the situation in *Frazier I*; the Seventh Circuit concluded that a label of "90-119 Days Past Due" for the alleged eight 90-days late reports were not patently inaccurate. *Frazier I*, 112 F.4th at 456. So too here. The red 120 similarly fails to demonstrate whether this is "an incorrect indicator of current delinquency or a correct one of historical delinquency." *Id.* As in *Frazier* I, there is no patent inaccuracy. *Id.*

---

[5] The Court considers the screenshots of the Equifax report in both the pleadings and Equifax's motion because it has been incorporated by reference to the amended complaint. *Wood*, 925 F.2d at 1582; (*see* Am. Compl. ¶¶ 10, 16–18 (discussing Equifax report screenshot from Equifax report of SPS loan).)

Moreover, the Seventh Circuit has made clear that, as "a matter of law," when an individual's reported pay status suggests delinquency, but also that the account is closed, the status is not materially misleading. *Id.* The report must be read in the "full context." *Id.* Applying these principles to the record here, the full context of Equifax's report on Frazier's loan with SPS shows that, while a red 120 was listed under June 2020, the report also reflects that the balance of the account was zero, the date of the last payment was January 1, 2016, and the account was closed that same day. (R. 95 at 8); *Frazier I*, 112 F.4th at 456 ("[A] report of a current balance due of zero, together with a report that the account was delinquent when closed, do[es] not violate FCRA.") (citation omitted). The question of whether Equifax's reporting was patently inaccurate or materially misleading therefore leads to the same answer: it was not. Accordingly, Frazier's complaint fails to state a plausible claim for relief and must be dismissed.[6]

Date: November 18, 2024

JEREMY C. DANIEL
United States District Judge

---

[6] In its response to Equifax's motion, Frazier asks the Court to amend her complaint based on "other points made by the Seventh Circuit" relating to the CreditLink report. (R. 105 at 3–4.) "[D]istrict courts have broad discretion to deny leave to amend where there is . . . undue prejudice to the defendants, or where amendment would be futile[.]" *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Allowing Frazier to amend would be futile; the CreditLink report is not at issue here (nor referenced at all in the pleadings), nor would an amendment change the outcome. Moreover, it would be unduly prejudicial to Equifax, who has long been defending against Frazier's claims, which the Seventh Circuit has now foreclosed. Therefore, that request is denied.